IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

PRENTIS EARL SMITH II,
TDCJ-CID No. 20356409,

        Plaintiff,

v.                                                                 2:24-CV-262-Z-BR

TDCJ, *et al.*,

        Defendants.

## ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge to dismiss this case as frivolous pursuant to 28 U.S.C. Section 1915(e)(2)(B). ECF No. 18. Objections to the FCR have been filed. ECF No. 22. After making an independent review of the pleadings, files, and records in this case, the Court **OVERRULES** Plaintiff's objections and concludes that the FCR of the Magistrate Judge is correct. It is therefore **ORDERED** that the FCR of the Magistrate Judge is **ADOPTED** and this case is **DISMISSED with prejudice**.

### LEGAL STANDARD

A party may serve and file objections to a non-dispositive magistrate judge's order "within 14 days after being served with a copy." FED. R. CIV. P. 72(a). For these timely objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the fourteen-day period, the Court reviews the Magistrate Judge's findings and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

ANALYSIS

The Magistrate Judge's FCR was filed October 31, 2025. ECF No. 18. Then, on November 24, 2025, Plaintiff filed a Motion to Extend Time to file objections to the FCR. ECF No. 20. The Court granted Plaintiff's motion and ordered any objections to be filed on or before December 15, 2025. ECF No. 21. Plaintiff filed objections on December 12, 2025. ECF No. 22. Plaintiff's objections are untimely, as his motion for an extension of time was not filed until well after the fourteen-day objection period set by the Federal Rules of Civil Procedure. FED. R. CIV. P. 72. Accordingly, the Court reviews the Magistrate's FCR only for plain error. *Serrano*, 975 F.3d at 502.

First, Plaintiff states that he "never signed the document agreeing for the case to go before the Magistrate Judge." ECF No. 22 at 1. This concern is without merit, as the instant case was referred to the Magistrate Judge only for pre-trial management—not in its entirety—pursuant to 28 U.S.C. Section 636(b) and Rule 2(c) of Miscellaneous Order No. 6 of the Northern District of Texas.

Second, Plaintiff takes issue with the Magistrate's recommendation to "dismiss[] the case without requiring Defendants to even respond to the complaint." ECF No. 22 at 1. However, the Court need not wait for responsive briefing where it determines the action is frivolous or malicious—rather, the Court *must* dismiss the case at any time such determination is made. *See* 28 U.S.C. § 1915(e)(2) ("[T]he court *shall* dismiss the case *at any time* if the court determines that . . . the action or appeal is frivolous or malicious . . . .") (emphasis added).

Finally, Plaintiff states he is "still having the same issues the complaint is based upon," that "[t]he Court should issue an unbiased opinion," and requests "a Court order that fixes the situations that are still ongoing." ECF No. 22 at 1. Further, Plaintiff again contends that the doctrine of qualified immunity "no longer protects" the officials named in the instant

case. *Id.* But objections to the FCR must be "specific" and "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). Where a party objecting to the FCR fails to assert specific objections, the district court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Just so here. Accordingly, Plaintiff's objections do not indicate that the Magistrate's FCR demonstrates plain error and are **OVERRULED**. This result would remain the same even if the Court engaged in de novo review, as "[o]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review." *Vaccariello v. XM Satellite Radio, Inc.*, 295 F.R.D. 62, 67 (S.D.N.Y. 2013) (internal quotation marks omitted).

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections and concludes that the FCR of the Magistrate Judge is correct. It is therefore **ORDERED** that the FCR of the Magistrate Judge is **ADOPTED** and this case is **DISMISSED with prejudice**.

**SO ORDERED**.

December _16_, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE